## Dobbins et al. v. City of Louisville et al.

October 20, 1950.

Lawrence S. Grauman, Judge.

Lawrence G. Duncan for appellants.

Gilbert Burnett and Robert W. Meagher for appellee.

VAN SANT, COMMISSIONER—Reversing in part, affirming in part.

The action was instituted under Section 637-639 of the Civil Code of Practice to determine the rights of the parties in respect to certain questions which hereinafter will be set out. The appeal has been prosecuted from the judgment deciding all questions in favor of the City of Louisville, the Board of Registration Commissioners of the City of Louisville, and Joseph H. Gibson, a registered voter of Jefferson County who lives in a territory recently annexed by the City of Louisville, all of whom were plaintiffs below and against the Jefferson County Board of Registration and Purgation, and the Jefferson County Clerk, defendants below.

The City, by appropriate ordinances, has directed that certain questions be presented to the electorate of the City for the determination of the qualified voters of the City at the general election to be held on November 7, 1950. Those questions involve the right of the City to incur, and to issue and sell bonds to raise funds necessary to pay for, an indebtedness that cannot be paid without exceeding the income and revenue provided for the City for the fiscal year such indebtedness shall be incurred, which procedure is authorized by KRS 66.050. On June 30, 1950, the City annexed two large areas in Jefferson County one of which includes the residence of appellee Gibson. The annexed areas include portions of a number of county precincts as previously established. Since the annexations some of the residents of the previously established precincts reside in the City and are taxpayers thereof, whilst others continue to be residents and taxpayers of Jefferson County outside of the limits of the City. By virtue of the provisions of KRS 116.190 new City precincts cannot be established within the areas involved before the election. However, it is feasible to separate the voters in the precincts involved who reside within the City of Louisville from those who reside outside the City and by appropriate procedure to permit those residing within the City to cast ballots on the questions herein-

before referred to and to forbid those voters living outside the City the right to vote on such questions. None of the parties to this action is opposed to the performance of any duty devolving upon it or him to effectuate the purpose for which the suit was filed, but all of them are uncertain as to their respective rights, duties, and authority in the premises. The City contends that the cost of separating the voters should be incurred by the County Board of Registration and Purgation and paid for by the county and that the placing of the questions on the ballot labels in the voting machines in the precincts involved should be incurred by the County Clerk of Jefferson County and paid for by the county. Appellants contend that the entire expense of the procedure involved herein should be paid by the City.

The decision in O'Bryan v. City of Owensboro, 113 Ky. 680, 68 S.W. 858, 862, 69 S.W. 800 was rendered in the year 1902 under statutory law then in effect. The pertinent part of that decision is expressed by the author of the opinion in the following words: "It is further objected that over 300 legal voters in the city were not provided with booths, ballots, etc., or places to vote, at the election of 1900, at which the vote was taken on the subject of the indebtedness in question. This objection refers to certain territory which had been annexed to the city. We quote and adopt the language of the learned trial judge in response to this objection: 'After the time when the territory referred to was added to the city, there was no power to make provision for voting. The time when places of voting of the voters in the new territory might be changed had gone by. The city authorities had no power to change or fix voting places. The county court alone had jurisdiction of that subject, and, under the law (section 1444, Ky.St.), no change could be made after the June term. The statute vesting this power in the county court has this provision. "Provided that no such change, division or consolidation shall be made after the June term of each court next preceding an election." With reference to voting, the people of the addition were in a transition state. The judgment of the court annexing the territory had been entered, but they were left, because of this condition of the law, to vote as formerly, until the succeeding June term; and their liability to taxation for this bonded debt stands precisely as with

reference to debts of the city contracted previous to the order of annexation.' For the reasons given, the judgment is affirmed.''

Since the rendition of that opinion the statutory law has been altered by the enactment of KRS 118.170 (4) and 118.280(1). Those sections read:

KRS 118.170(4).

''When there are officers or public questions that are to be voted for by only a portion of the voters in any precinct, as in the case of city elections where the city wards or election units are not coextensive with the precinct boundaries, the names of the candidates for such offices and such public questions shall be printed on separate ballots, which shall conform as nearly as practicable with the provisions of this section. Separate ballots shall also be printed for public questions when specifically required by the law providing for the submission of the questions.''

KRS 118.280(1).

''* * * When there are separate ballots for offices or public questions to be voted for by only a portion of the voters in a precinct, such ballots shall be given only to such voters as reside in the portion of the precinct that is within the territory for which the office is provided or with respect to which the public question is submitted. * * *''

These sections of the Statute are self explanatory and the intent of the Legislature therein expressed can be carried out as effectually by the use of voting machines as by the use of the Australian ballot. In O'Bryan v. City of Owensboro, supra, the voters of the then recently annexed territory were denied the right to vote on the ballot issue ''because of this (the then) condition of the law'' but now they must be given the privilege of voting because of the present condition of the law. To the extent of so holding, we are in accord with the Chancellor, which brings into review that part of the decree which requires Jefferson County to defray the expense incident to the submission of the question to the voters in the annexed territory who are privileged to express their desires in respect to the creation of the indebtedness and the issuing of the bonds.

The questions to be presented are of exclusive and sole interest to the electorate of the City. Equity demands that the City defray all costs which are incident to the presentation of these questions. Neutzel, County Clerk v. Bradsby, 205 Ky. 130, 265 S.W. 503. The Jefferson County Board of Registration and Purgation being the custodian of the registration cards will supervise the work but the City must defray the cost. The Jefferson County Clerk will cause the question to be printed on the labels of the voting machines but the City will recompense him for any additional expense he is required to incur in performing this duty. Since the Chancellor decreed otherwise, that part of the judgment must be reversed.

Affirmed in part, reversed in part.